IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MICHELLE JONES,

                Plaintiff,

      v.

GEORGIA DEPARTMENT OF
COMMUNITY HEALTH, and TISHA
PHILLIPS *Individually*,

              Defendants.

CIVIL ACTION FILE NO.

1:20-cv-03225-CAP-CMS

## FINAL REPORT AND RECOMMENDATION

## AND ORDER

Plaintiff Michelle Jones is represented by counsel in this lawsuit.  This matter
is before the Court on the motion to dismiss Plaintiff's Amended Complaint filed by
Defendant Georgia Department of Community Health ("DCH") (Doc. 18), the motion
to dismiss filed by individual defendant Tisha Phillips (Doc. 28), and the motion to
stay pre-discovery deadlines pending resolution of the motion to dismiss filed by Tisha
Phillips (Doc. 29).

For the reasons discussed below, I recommend that the Defendants' motions to
dismiss be granted.  The motion to stay is denied as moot.

## I.  **BACKGROUND**

At all relevant times up to the date that Plaintiff was terminated (August 24, 2018), Plaintiff worked for DCH as a Senior Manager II.  (Doc. 16, Am. Compl., ¶¶ 11, 21).  Plaintiff's supervisor was individual defendant Tisha Phillips.  (*Id.* ¶ 15).

Plaintiff alleges that on or about August 4, 2018, Plaintiff broke her knee.  (Am. Compl. ¶ 13).  Plaintiff alleges that she notified Ms. Phillips on August 22, 2018 that she needed to undergo surgery on her knee, that the expected recovery time would be eight to ten weeks if there were no complications, that her surgery was scheduled for August 30, 2018, and that she would be contacting the HR Department regarding filing for leave under the Family and Medical Leave Act ("FMLA").  (Am. Compl. ¶¶ 15–17).

DCH approved Plaintiff for continuous FMLA leave for eleven weeks to begin on August 30, 2018, the date of her surgery, through November 15, 2018.  (Am. Compl. ¶¶ 17–18).

Plaintiff's Amended Complaint alleges that on or around August 22, 2018, Plaintiff received an email from Ms. Phillips stating that she needed Plaintiff to physically come into the office to discuss the payroll process so it could properly be handled during Plaintiff's absence.  (Am. Compl. ¶ 19).  Plaintiff alleges that in

response, she told Ms. Phillips that she was not able to come into the office due to orders from her physician not to place any weight on her injured knee. Instead, Plaintiff offered to go over her work processes over the telephone and provided directions on where to find documentation, which included the steps to complete all referenced work tasks. (*Id.* ¶ 20).

On or around August 24, 2018, Plaintiff received official notice of her termination from her supervisor, Ms. Phillips. (Am. Compl. ¶ 21). Plaintiff "was informed that her termination was due to a previously terminated subordinate performing duties outside her job description." (*Id.* ¶ 22).

On August 3, 2020, Plaintiff filed a lawsuit against DCH, asserting a sole count for relief under the self-care provision of the FMLA, 29 U.S.C. § 2601, et seq. (Doc. 1, Compl.). In her original Complaint, Plaintiff alleged that she was terminated for requesting and being approved for FMLA leave for knee surgery. (*Id.* ¶¶ 14–17, 25). On January 21, 2021, DCH filed a motion to dismiss Plaintiff's Complaint on the basis that Plaintiff's claim under the self-care provision of the FMLA is barred by Eleventh Amendment immunity. (Docs. 14, 14-1).

Plaintiff did not file a response to DCH's motion to dismiss. Instead, she filed an amended complaint on February 4, 2021. (Doc. 16, Am. Compl.). Plaintiff's

Amended Complaint asserts two new claims and omits her original FMLA claim against DCH  (apparently in an attempt to avoid the Eleventh Amendment immunity issue).

The Amended Complaint asserts the following two counts for relief:  Count I, FMLA Interference/Retaliation against Defendant Tisha Phillips in her individual capacity;  and Count II, Discrimination, in violation of the Rehabilitation Act, against Defendant DCH.  (Am. Compl. at 4–5).  In her Amended Complaint, Plaintiff now claims that she has a disability within the meaning of the Rehabilitation Act, namely her broken knee and need for surgery, and conclusorily alleges that "[t]he circumstances surrounding Plaintiff's termination raise a reasonable inference that it was motivated by her disability."  (*Id.* ¶¶ 31–35).  Plaintiff also alleges that she was terminated for applying and being approved for FMLA leave for her knee surgery, in violation of the FMLA, and that her termination "is evidence of retaliatory animus and raises an inference of causation" under the FMLA.  (*Id.* ¶¶ 26–28).

On February 18, 2021, DCH filed the instant motion to dismiss, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, arguing, *inter alia*, that Plaintiff's allegations under the Rehabilitation Act fail to state a plausible claim, and that Plaintiff's FMLA claim against Tisha Phillips in her individual capacity

4

is improper and due to be dismissed because there is no individual liability under the FMLA. (Doc. 18).

On April 12, 2021, Tisha Phillips also filed a motion to dismiss Plaintiff's Amended Complaint, in lieu of filing an answer, similarly arguing that she should be dismissed because she is an improper defendant for Plaintiff's FMLA claims. (Doc. 28). Ms. Phillips also filed a motion to stay pre-discovery deadlines pending resolution of her motion to dismiss. (Doc. 29). Because this Court has already stayed the preliminary deadlines in this case pending a ruling on DCH's motion to dismiss (Doc. 27), Ms. Phillips' Motion to Stay (Doc. 29) is hereby **DENIED AS MOOT**.

The Defendants' motions to dismiss have been fully briefed and are before the Court for consideration. Unless otherwise noted, since the motions to dismiss contain similar arguments and citations to legal authority, and the Defendants are represented by the same counsel, I will discuss the motions together.

## II.  LEGAL STANDARDS

DCH and Tisha Phillips have both filed their motions to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 18-1 at 1; Doc. 28-1 at 1).

AO 72A
(Rev.8/82)

A complaint should be dismissed under Rule 12(b)(1) only where the court lacks jurisdiction over the subject matter of the dispute. FED. R. CIV. P. 12(b)(1). Attacks on subject matter jurisdiction come in two forms: "facial attacks" and "factual attacks." *Garcia v. Copenhaver, Bell & Assocs., M.D.'s, P.A.*, 104 F.3d 1256, 1261 (11th Cir. 1997); *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990). Facial attacks "require[ ] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Lawrence*, 919 F.2d at 1529 (quoting *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)). On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion. *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981).

"'Factual attacks,' on the other hand, challenge 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.'" *Lawrence*, 919 F.2d at 1529 (quoting *Menchaca*, 613 F.2d at 511). The presumption of truthfulness does not attach to the plaintiff's allegations. *Id.* Further, "the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Scarfo v. Ginsberg*, 175 F.3d 957, 960–61 (11th Cir. 1999).

The Eleventh Circuit has instructed that where, like here, the question of whether a defendant is or is not an "employer" (as defined under the FMLA) goes to the merits of the plaintiff's case, the proper procedure for a district court is to assume jurisdiction and utilize the standards associated with a 12(b)(6) motion or Rule 56 motion for summary judgment. *See Garcia*, 104 F.3d at 1258.

A motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) tests the legal sufficiency of a complaint. On a motion to dismiss, the Court must accept the factual allegations in the complaint as true and construe the complaint in the light most favorable to the plaintiff. *Securities & Exch. Comm'n v. ESM Group, Inc.,* 835 F.2d 270, 272 (11th Cir. 1988). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (internal quotation marks omitted)). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks, bracket, and citation omitted).

While the Federal Rules do not require specific facts to be pled for every element of a claim or that claims be pled with precision, "it is still necessary that a

complaint 'contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.'" *Financial Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282-83 (11th Cir. 2007) (citation omitted). "[C]onclusory allegations, unwarranted deductions of fact, or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002) (citations omitted).

On a motion to dismiss, all reasonable inferences are to be made in favor of the plaintiff. *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993).

## III.  <u>DISCUSSION</u>

### A.  <u>Tisha Phillips is Not a Proper Defendant</u>

In Count I of her Amended Complaint, Plaintiff asserts FMLA claims for interference and retaliation solely against Phillips in her individual capacity.  (Am. Compl. at 4–5).

The FMLA guarantees an eligible employee up to twelve workweeks of leave during any twelve-month period for certain reasons, including "[b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee."  29 U.S.C. § 2612(a)(1)(D). The United States Supreme Court has referred to subpart (D), which permits an employee to take leave as a result

of his or her own serious health condition, as the FMLA "self-care" provision.  *See Coleman v. Court of Appeals of Md.*, 566 U.S. 30, 34 (2012).

The FMLA further provides that, after taking FMLA leave, the employee has the right "to be restored by the employer to the position of employment held by the employee when the leave commenced" or to an equivalent position. 29 U.S.C. § 2614(a)(1)(A); *see also Martin v. Brevard Cty. Pub. Sch.*, 543 F.3d 1261, 1267 (11th Cir. 2008). The FMLA provides that "[i]t shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter." 29 U.S.C. § 2615(a)(1).  It is also "unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter."  *Id.* § 2615(a)(2).

An employee alleging that her rights under the FMLA have been violated by an employer may assert two types of claims: interference claims, in which the employee asserts that her employer refused to provide her with the rights granted under the FMLA, and retaliation claims, in which the employee alleges that her employer retaliated against her for exercising her rights under the FMLA or for opposing any activity made unlawful under the FMLA.  *Strickland v. Water Works & Sewer Bd.*, 239 F.3d 1199, 1206 (11th Cir. 2001); *see also Drago v. Jenne*, 453 F.3d 1301, 1305-08

9

(11th Cir. 2006); *O'Connor v. PCA Family Health Plan, Inc.*, 200 F.3d 1349, 1352 (11th Cir. 2000). Here, Plaintiff has asserted both types of claims.

For an employee to establish a claim based on alleged interference with her rights under the FMLA, "an employee need only demonstrate by a preponderance of the evidence that he was entitled to the benefit denied." *Strickland*, 239 F.3d at 1206–07. An interference claim may be based on an employee's termination prior to the start of her FMLA leave, and the employee need not allege that her employer intended to deny the benefit, because "the employer's motives are irrelevant." *Id.* at 1208. However, "the right to commence FMLA leave is not absolute, and . . . an employee can be dismissed, preventing her from exercising her right to commence FMLA leave, without thereby violating the FMLA, if the employee would have been dismissed regardless of any request for FMLA leave." *Krutzig v. Pulte Home Corp.*, 602 F.3d 1231, 1236 (11th Cir. 2010).

As noted above, Plaintiff's Count I FMLA claims for interference and retaliation are directed solely at Tisha Phillips in her individual capacity as Plaintiff's supervisor at DCH. The Eleventh Circuit, however, has made clear that where a defendant in an FMLA suit does not meet the statutory definition of "employer," there is no federal subject matter jurisdiction over the claim(s) against that defendant. *Wascura v.*

10

*Carver*, 169 F.3d 683, 686–87 (11th Cir. 1999) (holding that because a public official sued in her individual capacity is not an "employer" under the FMLA, there is no federal subject matter jurisdiction over such a claim and the district court should have dismissed it against the defendants in their individual capacities). This is based on the FMLA provision that provides that "[i]t shall be unlawful for any *employer* to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter." 29 U.S.C. § 2615(a)(1) (emphasis added). Thus, where, like here, a public official is sued in her individual capacity, the Eleventh Circuit has held that she is not an "employer" under the FMLA, and therefore there is no federal subject matter jurisdiction over such a claim. *Wascura*, 169 F.3d at 687; *see also Dawkins v. Fulton County Gov't*, 733 F.3d 1084, 1090 (11th Cir. 2013) (affirming district court's ruling that public officials sued in an individual capacity are not employers subject to liability under the FMLA).

Here, the parties do not dispute that the Georgia Department of Community Health is an agency of the State of Georgia charged with conducting the health planning activities of the state, among other responsibilities. *See* O.C.G.A. § 31-6-21. Nor do they dispute that DCH, as a "state agency," is an arm of the state, for purposes of Eleventh Amendment immunity. *See Omanwa v. Catoosa Cnty., Ga.*, 711 F. App'x

11

959, 961–62 (11th Cir. 2017) ("The Eleventh Amendment prohibits federal courts from exercising subject matter jurisdiction over a lawsuit against a state . . . . Eleventh Amendment immunity extends to state agencies and other 'arms of the state.'"). Even if they did, the Eleventh Circuit has previously held that the Georgia DCH is an arm of the state entitled to Eleventh Amendment immunity. *Id.* (citing *McClendon v. Ga. Dep't of Comm. Health*, 261 F.3d 1252, 1259 (11th Cir. 2001)).

Defendant Phillips argues that by virtue of being employed by an arm of the state, she is not subject to liability in her individual capacity for violations of the FMLA because she is not an "employer" under the FMLA. *See Souto v. Florida Int'l Univ. Found., Inc.,* 446 F. Supp. 3d 983, 997 (S.D. Fla. 2020) (finding that the supervisor that the plaintiff sued individually was a public official by virtue of being employed by arm of the state, and therefore she was not subject to liability in her individual capacity for violations of the FMLA); *see also Carter v. Howard*, No. 1:20-cv-1674-TWT-JSA, 2020 WL 9073531, at *11 (N.D. Ga. Nov. 23, 2020) (dismissing the plaintiff's FMLA claim against the district attorney in his individual capacity because he was not plaintiff's employer under the FMLA). Accordingly, Phillips argues that she should be dismissed as a party to this action because the only claims asserted against her are in her individual capacity under the FMLA.

12

In response, Plaintiff acknowledges that "a plaintiff may not sue an individual for monetary relief under the FMLA," but argues that, pursuant to *Ex parte Young*, 209 U.S. 123 (1908), which provides an exception to the Eleventh Amendment for "suits against state officers seeking prospective equitable relief to end continuing violations of federal law," Plaintiff is entitled to seek injunctive relief against Ms. Phillips as "the responsible state official." (*See* Doc. 30, Pl.'s Resp., at 2 (quoting *Coleman*, 566 U.S. at 65 (Ginsberg, J., dissenting)).

This argument is without merit for at least two independent reasons. First, on the very first page of Plaintiff's Amended Complaint, Plaintiff clearly states that she has filed the Amended Complaint "for Damages against Defendants Georgia Department of Community Health ('DCH') and Tisha Phillips ('Phillips')." (Doc. 16 at 1). Thus, Plaintiff's Amended Complaint has not restricted or limited the relief she is seeking against Phillips to just prospective injunctive relief.

Second, Plaintiff has asserted her FMLA claims against Phillips in her individual capacity. As noted above, *Ex parte Young* is an exception to Eleventh Amendment immunity, and applies only when lawsuits are brought against state officials named in their official capacity where the plaintiff seeks "*prospective* equitable relief to end *continuing* violations of federal law." *See Omanwa*, 711 F. App'x at 962; *see also*

*Lane v. Central Ala. Cmty. Coll.*, 772 F.3d 1349, 1351 (11th Cir. 2014). It does not apply when a federal law has been violated at one time or over a period of time in the past. *Omanwa*, 711 F. App'x at 962. A plaintiff may not use the doctrine to adjudicate the legality of past conduct. *Id.* (citing *Summit Med. Assocs., P.C. v. Pryor*, 180 F.3d 1326, 1337 (11th Cir. 1999)).

Here, Plaintiff's allegations against Phillips in Plaintiff's Amended Complaint allege that Phillips violated the FMLA by terminating Plaintiff after she requested and was approved for FMLA leave, all of which is past conduct. Although Plaintiff's Amended Complaint also seeks equitable relief in the form of reinstatement of her employment (which could fall within the scope of the *Ex parte Young* exception), Plaintiff has sued Phillips in her individual capacity, not her official capacity. Thus, *Ex parte Young* does not apply.

As to Plaintiff's Count I FMLA claim against Tisha Phillips, courts in this circuit have unequivocally held that public officials are not subject to individual liability under the FMLA. *Wascura*, 169 F.3d at 687; *Dawkins*, 733 F.3d at 1090; *McDaniel v. DeKalb County Watershed Dep't*, No. 1:16-cv-04596-SCJ-CMS, 2017 WL 11144691, at *3 (N.D. Ga. Aug. 3, 2017). Because Phillips is named in the Amended Complaint solely in her individual capacity, this Court does not have subject

14

matter jurisdiction over Plaintiff's FMLA claims against Phillips.  Accordingly, I recommend that Tisha Phillips' motion to dismiss Plaintiff's FMLA claims against her (Doc. 28) and DCH's motion to dismiss Plaintiff's Count I FMLA claims (Doc. 18) be granted.

**B.**    **Plaintiff's Rehabilitation Act Allegations Fail to State a Plausible Claim against DCH**

In Count II of her Amended Complaint, Plaintiff alleges that DCH discriminated against her based on her alleged disability, in violation of Section 504 of the Rehabilitation Act of 1973.  (Am. Compl. at 2, 5–6).

The Rehabilitation Act prohibits recipients of federal financial assistance from discriminating in employment against qualified individuals with disabilities. 29 U.S.C. § 794; *see Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005).  The standard for determining liability under the Rehabilitation Act is the same as that under the Americans with Disabilities Act.  *Ellis*, 432 F.3d at 1326.  Thus, cases involving the ADA are precedent for those involving the Rehabilitation Act.  *Id.*; *see also* 29 U.S.C. § 794(d).  The Eleventh Circuit also looks to ADA regulations to define the terms used in the Rehabilitation Act.  *Garrett v. Univ. of Alabama*, 507 F.3d 1306, 1311 (11th Cir. 2007).

The Rehabilitation Act provides, in pertinent part, that:

> No otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . .

29 U.S.C. § 794(a).

In order to state a plausible claim of discrimination under the Rehabilitation Act, Plaintiff must allege and show that (1) she had, or was perceived to have, a "disability"; (2) she was a "qualified" individual; and (3) she was discriminated against because of her disability. *Carruthers v. BSA Adver., Inc.*, 357 F.3d 1213, 1215-16 (11th Cir. 2004) (ADA); *Ellis*, 432 F.3d at 1326 (Rehabilitation Act). To establish the third prong—causation—the plaintiff must allege and "show that the discriminatory motivation was the but-for cause of the adverse employment action." *See Collier v. Harland Clarke Corp.*, 820 F. App'x 874, 879 (11th Cir. 2020).

The ADA defines a "qualified individual with a disability" as an individual "who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." *See Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 801 (1999) (citing 42 U.S.C. § 12111(8)). The Supreme Court has interpreted the meaning of "qualified individual" as someone who can meet all of the requirements of the job despite his or her disability. *Southeastern*

16

*Cmty. Coll. v. Davis*, 442 U.S. 397, 406 (1979) (interpreting the meaning of "qualified individual" under § 504 of the Rehabilitation Act).  The plaintiff bears the burden to demonstrate that she can perform the essential functions of the job.  *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1255-56 (11th Cir. 2001).  The plaintiff, in other words, "must show either that [she] can perform the essential functions of [her] job without accommodation, or, failing that, show that [she] can perform the essential functions of [her] job with a reasonable accommodation."  *Davis v. Fla. Power & Light Co.*, 205 F.3d 1301, 1305 (11th Cir. 2000).  "Thus, if [the plaintiff] is unable to perform an essential function of [her] . . . job, even with an accommodation, [she] is, by definition, not a qualified individual and, therefore, not covered under the [Rehabilitation Act]." *See id.* (internal quote marks omitted).

Under both the ADA and the regulations interpreting the Rehabilitation Act, an individual is "disabled" if she (A) has a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) has a record of such an impairment; or (C) is regarded by her employer as having such an impairment.  *Cash v. Smith*, 231 F.3d 1301, 1305 (11th Cir. 2000) (citing 42 U.S.C. § 12102(2)).  Major life activities include caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, sitting, reaching, lifting, bending,

17

speaking, breathing, learning, reading, concentrating, thinking, communicating, interacting with others, and working. 29 C.F.R. § 1630.2(i). An impairment is a disability within the meaning of the statute "if it substantially limits the ability of an individual to perform a major life activity as compared to most people in the general population." 29 C.F.R. § 1630.2(j)(ii). The mere existence of a physical impairment does not constitute a disability under the ADA; the impairment must substantially limit a major life activity. *Gordon v. E.L. Hamm & Assocs., Inc.*, 100 F.3 907, 911 (11th Cir. 1996).

In this case, Plaintiff's Amended Complaint fails to state a plausible claim of disability discrimination under the Rehabilitation Act. Although Plaintiff alleges that she suffered a broken knee that required surgery and a recovery period of eight to ten weeks, she does not allege that she was substantially limited in any major life activity. (Am. Compl. ¶¶ 13–16, 31). Plaintiff argues in her brief that "[l]ogically, it would follow that someone who could not put any pressure on their knee . . . would be substantially limited in the major life activity of walking." (Doc. 21 at 3). But there are no allegations in her Amended Complaint to support this assumption.

Plaintiff has also failed to allege or show that she was a qualified individual with a disability because Plaintiff has failed to allege any facts showing that she was able

18

to meet the essential functions of her Senior Manager II position, including the most essential function of any position—regular attendance. *See Willis v. Conopco, Inc.*, 108 F.3d 282, 287 (11th Cir. 1997) (regular attendance is an essential function); *Jackson v. Veterans Admin.*, 22 F.3d 277, 279 (11th Cir. 1994) ("one who does not come to work cannot perform any of his job functions, essential or otherwise") (quotation marks and citation omitted); *see also Vaughn v. Nationsbank Corp.*, 137 F. Supp. 2d 1317, 1325 (N.D. Ga. 2000). Although Plaintiff alleges, in conclusory fashion, that she was able to perform the essential functions of her position (Am. Compl. ¶ 33), other allegations in her Amended Complaint contradict that assertion and show that at the time of her termination, Plaintiff was not physically able to come into the office or put any weight on her injured knee, she required surgery, and she had requested and been approved for continuous FMLA leave for eleven weeks beginning August 30, 2018. (*Id.* ¶¶ 15–20). Plaintiff's leave request would not allow her to perform the essential functions of her job; instead, it would exempt her from performing those functions. *See Moore v. Jackson County Bd. of Educ.*, 979 F. Supp. 2d 1251, 1265 (N.D. Ala. 2013). As the Seventh Circuit has repeatedly stated, "[n]ot working is not a means to perform the job's essential functions." *Severson v. Heartland Woodcraft, Inc.*, 328 F.3d 478, 481 (7th Cir. 2017). "[W]e held in *Byrne*

19

that '[a]n inability to do the job's essential tasks means that one is not 'qualified'; it does not mean that the employer must excuse the inability.'" *Id.*; *see also Waggoner v. Olin Corp.*, 169 F.3d 481, 482 (7th Cir. 1999) ("The rather common-sense idea is that if one is not able to be at work, one cannot be a qualified individual."). Instead, long-term medical leave is the domain of the FMLA, which entitles covered employees "to a total of 12 work-weeks of leave during any 12-month period . . . [b]ecause of a serious health condition that makes the employee *unable* to perform the functions of the position of such employee." *Severson*, 328 F.3d at 481 (quoting 29 U.S.C. § 2612(a)(1)(D)) (italics added). The FMLA protects up to 12 weeks of medical leave, recognizing that employees will sometimes be unable to perform their job duties due to a serious health condition. In contrast, "the ADA applies only to those who can do the job." *Id.* (quoting *Byrne*, 328 F.3d at 381).

Here, Plaintiff sought and was granted continuous FMLA leave for eleven weeks because she needed surgery and was unable to perform her job duties while she recovered from surgery. Accordingly, Plaintiff has failed to allege or establish that she was a qualified individual with a disability, as defined in the ADA as incorporated in the Rehabilitation Act.

20

Plaintiff's Amended Complaint also fails to sufficiently allege or show that her disability or perceived disability (related to her knee injury) was the but-for cause of her termination, as required for a Rehabilitation Act or ADA discrimination claim. *See Collier*, 820 F. App'x at 878–79.  Instead, Plaintiff conclusorily alleges that "[t]he circumstances surrounding Plaintiff's termination raise a reasonable inference that it was motivated by her disability." (Am. Compl. ¶ 35).  Under the Rehabilitation Act, however, "[i]t is not enough for a plaintiff to demonstrate that an adverse employment action was based partly on [her] disability. [Cit. omitted].  Rather, . . .  a plaintiff must prove that [she] suffered an adverse employment action 'solely by reason of' [her disability].  29 U.S.C. § 794(a)." *Ellis*, 432 F.3d at 1326.  There are no factual allegations in Plaintiff's Amended Complaint from which the Court could infer a discriminatory motive or that the reason she was terminated was because she was disabled.  This is especially true in light of Plaintiff's allegation that she was informed her termination was due to a previously terminated subordinate performing duties outside her job description.  (Am. Compl. ¶ 22).

Plaintiff's "threadbare conclusions" and "naked assertions" do not survive the Rule 12(b)(6) standard and are at best speculative.  Thus, Plaintiff's Amended

21

Complaint does not meet the minimum pleading standards for stating a disability discrimination claim under the Rehabilitation Act.

### IV.  <u>CONCLUSION</u>

For the reasons stated, I **RECOMMEND** that Defendants' motions to dismiss (Docs. 18, 28) be **GRANTED** in their entirety.  Tisha Phillips' motion to stay (Doc. 29) is **DENIED AS MOOT**.

**IT IS SO RECOMMENDED AND ORDERED**, this 28th day of May, 2021.

_____
**CATHERINE M. SALINAS**
**UNITED STATES MAGISTRATE JUDGE**

22